UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 23-cr-20500-RKA

**UNITED STATES OF AMERICA,**
 **Plaintiff,**

vs.

**ERICK JOSE MORENO RUIZ,**
 **Defendant.**
_____/

  The defendant, ERICK JOSE MORENO RUIZ, by and through counsel, hereby files the following Objections and Clarifications to the Presentence Investigation Report (PSR):

## OBJECTIONS

**I.** **Objection to Paragraph 47**

  Mr. Moreno-Ruiz objects to the PSR's recommendation that he is not deserving of a mitigating role adjustment pursuant to, §3B1.2[1]. The determination on how to apply the adjustment is based on the totality of the circumstances and involves a determination that is heavily dependent upon the facts of the particular case. *§3B1.2, Application Note 3(C) (Nov. 20).* In determining whether to apply subsection (a) or (b), or an intermediate adjustment, the application notes to the guideline direct the court to consider the following non-exhaustive list of factors:

> (i) the degree to which the defendant understood the scope and structure of the criminal activity;
> (ii) the degree to which the defendant participated in planning or organizing the criminal activity;
> (iii) the degree to which the defendant exercised decision-making authority

---

[1] Based on the defendant's role in the offense, decrease the offense level as follows:
(a) If the defendant was a minimal participant in any criminal activity, decrease by **4** levels.
(b) If the defendant was a minor participant in any criminal activity, decrease by **2** levels.
In cases falling between (a) and (b), decrease by **3** levels.

Page 1 of 8

>   or influenced the exercise of decision-making authority;
>   (iv) the nature and extent of the defendant's participation in the commission of the criminal activity, including the acts the defendant performed and the responsibility and discretion the defendant had in performing those acts;
>   (v) the degree to which the defendant stood to benefit from the criminal activity.

*U.S.S.G. §3B1.2, Application Note 3(C)(i)-(v) (Nov. 2018).*

Mr. Moreno Ruiz is deserving of a mitigating role adjustment. A four (4) level reduction for a minimal participant applies to someone who plays a minimal role in the criminal activity. *U.S.S.G. §3B1.2, Application Note 4 (Nov. 2018).* "It is intended to cover defendants who are plainly among the least culpable of those involved in the conduct of a group. If this Court finds that a four (4) level reduction is not warranted, this Court should consider a three (3) level or two (2) level reduction pursuant to §3B1.2 (b). "Subsection (b) applies to a defendant described in Application Note 3(A) who is less culpable than most other participants in the criminal activity, but whose role could not be described as minimal." *U.S.S.G. §3B1.2, Application Note 5 (Nov. 2021).*

As far as Mr. Moreno Ruiz' participation in this conspiracy, he "used an American Express prepaid gift card…to withdraw cash from ATM 1 on or about December 21, 2018, at 8:53 PM." [D.E. 101]; he was not involved in repeated withdrawals with other co-conspirators. The degree to which Mr. Moreno Ruiz defendant understood the scope and structure of the criminal activity is minimal; and the degree to which the defendant participated in planning or organizing the criminal activity nonexistent. Mr. Moreno Ruiz was not involved in deciding which ATMs to access. Nor was he involved in bypassing the ATM's security or physically accessing the ATM to place foreign hardware. He did not recruiting or direct anyone; in fact, he was recruited by and followed the directions of co conspirator Guerrero Blanco. [D.E. 101] Mr. Moreno Ruiz

exercised no decision-making authority nor did he influence the exercise of decision-making authority. The nature and extent of the Mr. Moreno Ruiz' participation in the commission of the criminal activity, including the acts he performed and the responsibility and discretion he had in performing those acts, also weighs heavily in favor of a mitigating role. Mr. Moreno Ruiz was given the gift card and told which ATM to access. Lastly, he did not stand to benefit much from the criminal activity; he had no equity interest in the proceeds, did not share in the profits, and was promised only a nominal amount for his participation.

**II.     Objection to Paragraph 54**

Mr. Moreno-Ruiz objects to the PSR's recommendation that his guidelines be increased by two (2) levels, pursuant to §2B1.1(b)(10)(C) for conduct constituting "sophisticated means". On November 4th USPO Sylvester-Pierre contacted undersigned counsel and informed her that he would be removing the two (2) level increase for "sophisticated means", thus undersigned counsel will not brief her objection.

**III.    Objection to Paragraph 55**

Mr. Moreno-Ruiz objects to the PSR's recommendation that his guidelines be increased by two (2) levels, pursuant to §2B1.1(b)(11)(A)(ii) for the possession or use of an authentication feature. The offense did not involve the production or trafficking of any authentication feature, nor did the offense involve the possession or use of any authentication feature.

Section 2B1.1(b)(11)(A)(ii) provides for a two-level increase "[i]f the offense involved... the possession or use of any ... authentication feature." The relevant application note defines "authentication feature" as the term is used in 18 U.S.C. § 1028(d)(1). U.S.S.G. § 2B1.1 cmt. n.10(A). That provision defines "authentication feature" as:

> [A]ny hologram, watermark, certification, symbol, code, image, sequence of

> numbers or letters, or other feature that either individually or in combination with another feature is *used by the issuing authority* on an identification document, document-making implement, or means of identification *to determine if the document is counterfeit, altered, or otherwise falsified*.

18 U.S.C. § 1028(d)(1) (emphasis added). "Issuing authority," in turn, is defined as "means any governmental entity or agency that is authorized to issue identification documents, means of identification, or authentication features; and includes the United States Government, a State, a political subdivision of a State, a sponsoring entity of an event designated by the President as a special event of national significance, a foreign government, a political subdivision of a foreign government, or an international government or quasi-governmental organization;." *Id.* § 1028(d)(6). Examples of authentication features include: drivers' license with holograms, *see e.g., United States v. James*, Court of Appeals, 11th Circuit 2018; false passports or false passport cards, *see e.g., United States v. Aderinoye*, 33 F. 4th 751 (5th Cir. 2022), *see also, United States v. Azubuike,* 743 F. App'x 958 (11th Cir. 2018) (per curiam); fraudulent seals used here purported to represent certification by a notary public, *see e.g., United States v. Sardariani*, 754 F. 3d 1118 (9th Cir. 2014). Here, there was no "authentication feature" involved in the offense. Gift cards or bank cards are not "authentication features". See *United States v. Kirilyuk*, 29 F. 4th 1128 (9th Cir. 2022)(holding that the district court erred in imposing the enhancement because the purported authentication features used were issued by American Express or a bank, not an "issuing authority" as defined by the Guidelines). In *Kirilyuk* the District Court applied the enhancement based on the PSR's reasoning that credit card numbers, passwords, and bank account numbers involved in the scheme constituted authentication features, but the Circuit Court held that the issuers of these authentication features—either American Express or another private financial institution—did not fit within the definition of "issuing authority." Plainly put, "*[a]uthentication*

*features are the holograms, symbols, codes, etc., used by the issuing authority to verify that an ID is authentic." United States v. Rodriguez-Cisneros,* 916 F. Supp. 2d 932, 934 (Dist. Court, D. Nebraska 2013)( holding that a Social Security number, standing alone, is not an "authentication feature" within the meaning of the relevant statutory and Guidelines provisions as it is not "used by the issuing authority ... to determine if the document is counterfeit, altered, or otherwise falsified[.]"). Thus, the two (2) level increase should not apply to Mr. Moreno-Ruiz.

### IV.     Objection to Paragraph 57

As discussed previously, Mr. Moreno-Ruiz objects to the PSR's recommendation that he is not deserving of a mitigating role adjustment.

### V.     Objection to Paragraph 59

Mr. Moreno-Ruiz objects to the Adjusted Offense Level (Subtotal) being a 20. Based on the aforementioned, Mr. Moreno-Ruiz's Adjusted Offense Level (Subtotal) should be a level 10 or 9 or 8 (if all aforementioned objections are sustained, and depending on the role adjustment), a level 12 (if the objection to paragraph 55 is sustained and the objection to paragraph 57 overruled), or a level 14 (if the objections to paragraphs 55 and 57 are overruled).[2]

### VI.     Objection to Paragraph 63

Mr. Moreno-Ruiz objects to the Total Offense Level being a 15. Based on the aforementioned objections, the Total Offense Level should be as follows:

    A. Level 6 or 5 or 4 (if all aforementioned objections are sustained and depending on the role adjustment);

---

[2] All guideline calculations are made without consideration or argument as to the two (2) level enhancement based on sophisticated means, since the recommendation that the enhancement apply will be withdrawn.

    B.  Level 8 (if the objection to paragraph 55 is sustained and the objection to paragraph 57 is overruled);

    C.  Level 10 (if the objections to paragraphs 55 and 57 are overruled).

**VII.   Objection to Paragraph 99**

Mr. Moreno-Ruiz objects to the Guideline Provisions recommended in the PSR. Based on the aforementioned, Mr. Moreno Ruiz's Guideline Provisions should be as follows[3]:

    A.  Based on a Total Offense Level of 6 or 5 or 4, <u>0-6 months</u>. (if all aforementioned objections are sustained and depending on the role adjustment);

    B.  Based on a Total Offense Level of 8, <u>0-6 months</u> (if the objection to paragraph 55 is sustained, but the objection to paragraph 57 overruled);

    C.  Based on a Total offense Level of 10, <u>6-12 months</u> (if the objections to paragraphs 55 and 57 are overruled).

**VIII.  Objection to Paragraph 104**

Mr. Moreno Ruiz objects to the PSR recommendation that the applicable guideline range is in Zone D and that he is not eligible for probation. Based on the withdrawal of the two (2) level increase for "sophisticated means", the applicable guideline range is in Zone B (a Total Offense Level of 10). Thus, a sentence of probation is authorized if this Court imposes a condition or combination of conditions requiring intermittent confinement, community confinement, or home detention as provided in §5C1.1(c)(3). *See* §5B1.1(a)(2). However, if the aforementioned objections are sustained, then the applicable guideline range would be in Zone A (a Total Offense Level of 4 – 8), and a sentence of probation is authorized. *See* §5B1.1(a)(1). Further, if the

---

[3] Mr. Moreno has a Criminal History Category of I.

applicable guideline range is in Zone A of the Sentencing Table, a sentence of imprisonment is not required in this case. *See* §5C1.1(b).

## IX. Objection to Paragraph 106

Mr. Moreno Ruiz objects to the fine range as state in the PSR. The fine range should be calculated pursuant to 5E1.2(c)(3), the aforementioned objections, and this Court's rulings.

## CLARIFICATIONS

### I. Clarification

Mr. Moreno Ruiz would correct his date of birth to May 30, 1985.

WHEREFORE, it is respectfully requested that this Honorable Court grant Mr. Moreno Ruiz' Objections, and make the aforementioned clarifications to the PSR.

Respectfully submitted,

/s/ Dianne E. Caramès
Dianne E. Caramès
Fla. Bar No. 068419

Puglisi Carames
10 Canal Street
Suite 328
Miami Springs, FL 33166
Tel: (305) 403-8063
Fax: (305) 379-6668
Dianne@PuglisiCarames.com

<u>CERTIFICATE OF SERVICE</u>

I HEREBY certify that on **November 8, 2024**, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

 <u>/s/ ***Dianne E. Caramès***</u>