UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 23-cr-20500-RKA

**UNITED STATES OF AMERICA,**
  **Plaintiff,**

vs.

**ERICK JOSE MORENO RUIZ,**
  **Defendant.**
  _____/

### DEFENDANT, ERICK JOSE MORENO RUIZ' SENTENCING MEMORANDUM IN SUPPORT OF HIS REQUEST FOR DOWNWARD VARIANCE

**COMES NOW** the Defendant, **ERICK JOSE MORENO RUIZ**, by and through his undersigned counsel, and presents this Sentencing Memorandum in support of his Request for Downward Variance pursuant to Title 18 U.S.C. §3553(a) Factors.

### INTRODUCTION

Mr. Moreno Ruiz is remorseful for his criminal conduct and acknowledges that the offense he has committed is a serious one; it has had a profound impact on the United States, this Court, and Mr. Moreno-Ruiz' family. Mr. Moreno-Ruiz acknowledges his responsibility and submits the following Memorandum for the Court's consideration in determining his sentence. Through this sentencing memorandum, we are respectfully requesting a variance to a non-incarcerate or time served sentence, and the minimum term of supervision required by law. Based upon various factors supporting a variance, we believe that the Court can fashion a non-incarcerate, or time served, sentence, as that would be "sufficient but not greater than necessary" to achieve the goals of sentencing under 18 U.S.C. §3553(a).

## UNITED STATES V. BOOKER

In *Booker*, the Supreme Court held that the Sentencing Guidelines are no longer mandatory and constitute only one of the sentencing factors that the Court must consider under §18 U.S.C. 3553(a). *United States v. Booker*, 125 S. Ct. 738, 757 (2005). Under *Booker*, sentencing decisions are subject to a "reasonableness" standard of review, which must be measured against the factors outlined in 18 U.S.C. §3553(a)[1]. *Id* at 761. A sentence outside the advisory guideline range does not need to be justified by "extraordinary circumstances". *Gall v. United States*, 128 S. Ct. 586 (2007). In fact, the Supreme Court has specifically rejected any presumption of unreasonableness for sentences outside the guideline. *Id* at 595. The sentence imposed must be "sufficient but not greater than necessary" to achieve the purposes. *United States v. Williams*, 435 F. 3d 1350 (11th Cir. 2006)(90 months' imprisonment was sufficient, but not greater than necessary to punish, deter, and rehabilitate defendant even though low end of guidelines was 188 months, a 98-month variance).

## ANALYSIS OF 18 U.S.C. 3553(A) FACTORS

1. **Nature and circumstances of the offense.**

---

[1] 18 U.S.C. §3553(a) provides the following factors to be determined when imposing a sentence: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established; (5) any pertinent Sentencing Commission policy statement; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense.

Mr. Moreno Ruiz is charged in a four count Indictment; on September 10, 2024, he pled guilty to Count One, which charged him with conspiracy to commit computer fraud, in violation of 18 U.S.C. § 371 [D. E. 130, 4]. His involvement was limited. He was recruited and acted at the direction of others when he illegally withdrew money from an ATM on December 21, 2018 at approximately 8:53 PM. He was arrested on June 13, 2024, almost six (6) years after that day.

2. **The history and characteristics of the defendant.**

Mr. Moreno Ruiz was born and raised in Valencia, Venezuela. While he did not suffer any form of abuse, he was raised in low to middle socioeconomic conditions. He resided in Venezuela until 2016. When he arrived in the United States, Mr. Moreno Ruiz sough work in the construction industry. From 2021 until his arrest, he was employed by Surface King located in Apopka, Florida, as a construction worker. He has a son that resides in Orlando. His son was three years old when Mr. Moreno Ruiz found out about him, but now is seeking to have a more active role in his son's life. Although contact is limited with his son's mother, Mr. Moreno Ruiz and her are on good terms and provides voluntary child support. Mr. Moreno Ruiz has another son that is seven months old. Prior to his arrest, in February 2024, he had a dispute with his youngest son's mother that was resolved. Mr. Moreno Ruiz has not denied having the dispute and is dedicated to maintaining peaceful contact. His youngest son's mother has two children from a previous relationship, ages 12 and age 18, that Mr. Moreno considers his own.

3. **The need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.**

Although a serious offense, the instant offense is a non-violent one and the guideline provisions may not even require a sentence of imprisonment. Further, Mr. Moreno Ruiz has already been in custody since June 13, 2024 (almost 6 months), the day of his arrest [D.E. 130, 5]. Mr. Moreno Ruiz is not in the business of committing crimes; has not made a living off of committing crimes and was employed at the time of this arrest. Thus, a non-incarcerate would be sufficient, but not greater than necessary. Further, a lengthier imprisonment term is not necessary to protect society from Mr. Moreno Ruiz, given that this is a non-violent crime.

4. **The kinds of sentences available and the kinds of sentence and the sentencing range established and pertinent Sentencing Commission policy statement.**

Title 18 U.S.C. 3553(a) expressly dictates that "[t]he Court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth." Mr. Moreno Ruiz's guideline range falls within Zones A or B and may not require a sentence of imprisonment.

5. **The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.**

Co-defendant Torres, who made three (3) withdrawals on three different days [D.E. 130, 12], and was physically present and involved in installing the modems into the ATMs (by blading his body to block the installation of the router by co-defendant Gonzalez [D.E. 120, 10]), received a sentence of three months' imprisonment, followed by one (1) year supervised release. [D.E. 142]. Mr. Moreno Ruiz' involvement was more limited than that of co-defendant Torres.

## CONCLUSION

WHEREFORE, it is respectfully requested that this Honorable Court find that the foregoing provides a well-founded basis upon which to grant a variance from the advisory

guidelines and sentence Mr. Moreno Ruiz to a non-incarcerate, time served, sentence within the permissible terms of the law.

                                       Respectfully submitted,

                                       */s/ Dianne E. Carames*
                                       Dianne E. Carames
                                       Florida Bar No: 68419
                                       Puglisi Carames
                                       10 Canal Street, Suite 328
                                       Miami, Florida 33166
                                       Tel. 305-403-8063
                                       Dianne@PuglisiCarames.com

## CERTIFICATE OF SERVICE

     I HEREBY CERTIFY that on November 8, 2024, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.

                                       /s/ Dianne E. Carames
                                       Dianne E. Carames, Esq.