UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-20500-CR-ALTMAN

UNITED STATES OF AMERICA

v.

**ERICK JOSE MORENO RUIZ,** *et al.,*

     **Defendants.**
_____/

**THE UNITED STATES OF AMERICA'S RESPONSE TO PSI OBJECTIONS
AND SENTENCING MEMORANDUM**

As the Court will recall, this is a five-defendant case involving an "ATM jackpotting" scheme. Three defendants, Carlos Augusto Guerrero Blanco, Angelo Agustin Coello Clemente, and Luis Eduardo Rodulfo Torres, were sentenced on November 4, 2024. *See* Minute Entries [ECF Nos. 141–143]; *see also* Judgments [ECF Nos. 148–150]. The remaining defendants, Erick Jose Moreno Ruiz and Luis Alfonso Noguera Martinez, are scheduled to be sentenced on December 3, 2024. The Government writes in response to presentence investigation report ("PSI") objections and a sentencing memorandum filed by Moreno Ruiz, *see* [ECF Nos. 151–152], and to summarize its recommendations as to the remaining defendants. In support thereof, the Government states as follows.[1]

**I.      KEY FACTS**

In December 2018, the five above-referenced defendants stole nearly $250,000 from automated teller machines ("ATMs") in Miami and in Orlando, Florida. Approximately $108,620 of loss occurred at a hotel in Miami, between December 18–22, 2018 (the "Miami Hit").

---

[1] Under the Court's Sentencing Procedures [ECF No. 98], the Government's responses to Moreno Ruiz's PSI objections are not timely. The Government writes *nunc pro tunc* and respectfully requests that the Court consider this filing at sentencing.

1

The defendants' scheme can be distilled into three parts.  *First*, Coello Clemente approached the targeted ATMs, opened them up, and installed therein computer technology capable of manipulating their operations.  *See* Moreno Ruiz's Draft PSI [ECF No. 130] ¶ 16.  *Second*, and once the targeted ATMs were jeopardized, Coello Clemente, Rodulfo Torres, Noguera Martinez, and Moreno Ruiz used unauthorized access devices—prepaid gift cards with no cash balances on them—to fraudulently withdraw money over and over again.  *See id*. ¶¶ 17–23; *see also* Noguera Martinez's Final PSI [ECF No. 129] ¶¶ 14–19.  The *third* part of the scheme— which bridged the installation of the computer technology and the withdrawals of funds—was handled solely by Guerrero Blanco.  He operated from a remote computer and digitally altered the targeted ATMs' transactions through what Coello Clemente installed, causing dozens of transactions to be approved when they would typically be denied.

For the Miami Hit, the first two parts of the scheme were recorded on video surveillance.  The United States Secret Service ("USSS") watched this surveillance during its investigation and noted when each defendant improperly accessed the targeted ATM (aside from Guerrero Blanco, who is not visible on the surveillance).  In turn, the USSS compared the video surveillance to the printed transaction registry that was extracted from the targeted ATM after the Miami Hit; the registry documented each fraudulent transaction, including the last four digits of the unauthorized access device that was used to conduct it.

This analysis allowed the USSS to approximate how much money each defendant withdrew during the Miami Hit, and when those withdrawals were made.  USSS Special Agent Alexander Torres, working at the direction of USSS Assistant Special Agent in Charge Gregory Naranjo, took handwritten notes when completing this analysis, which were produced during discovery and are attached to this filing as **Exhibit 1** (hereinafter, the "Surveillance Notes").

2

The Surveillance Notes indicate—and the video surveillance and transaction registry corroborate—that Moreno Ruiz fraudulently withdrew funds from an ATM inside the impacted Miami hotel throughout the evening of December 21, 2018, as follows:

- On December 21, 2018, between approximately 8:53 PM and 9:06 PM, Moreno Ruiz used an unauthorized access device with an account number ending in #6170 to withdraw $3,120 over the course of thirteen (13) transactions;

- On December 21, 2018, between approximately 10:11 PM and 10:29 PM, Moreno Ruiz used an unauthorized access device with an account number ending in #6170 to withdraw $4,800 over the course of twenty (20) transactions;

- On December 21, 2018, between approximately 11:20 PM and 11:38 PM, Moreno Ruiz used an unauthorized access device with an account number ending in #6170 to withdraw $5,040 over the course of twenty (21) transactions.

*See* Surveillance Notes at 5–7 (designating Moreno Ruiz as "EMR" and listing the transactions that he conducted on December 21, 2018). In total, then, Moreno Ruiz withdrew $12,960 during the Miami Hit, which represents approximately twelve (12) percent of the money stolen during that part of the scheme.

**II.      PROCEDURAL HISTORY**

All five Defendants were indicted in December 2023, *see generally* Indictment [ECF No. 1], and they have each pled guilty to a charge of conspiracy to commit computer fraud, in violation 18 U.S.C. § 371. At the sentencing hearing on November 4, 2024, the Court imposed varying sentences on Coello Clemente, Rodulfo Torres, and Guerrero Blanco. As to Coello Clemente, the Court granted the Government's motion to reduce sentence, pursuant to U.S.S.G. § 5K1.1, and imposed a probationary sentence. *See* [ECF Nos. 145, 148]. As to Rodulfo Torres, the Court varied downward and imposed a three-month term of imprisonment. *See* [ECF No. 146, 150]. As to Guerrero Blanco, the Court imposed a thirty-seven (37) month of imprisonment, after: (1) overruling an objection to his designation as a leader and organizer, pursuant to U.S.S.G. § 3B1.1;

(2) enhancing his sentence due to the overall loss amount, the use of "sophisticated means," and the "use of an authentication feature," *see* [ECF No. 128, at 13]; and (3) denying his downward departure motion, *see* [ECF No. 144].

In advance of the upcoming sentencing hearing, Noguera Martinez has not lodged any objections to his PSI. *See generally* Docket. Moreno Ruiz has, in the main, lodged three objections. First, he argues that he is deserving of a mitigating role adjustment, under U.S.S.G. § 3B1.2. *See* Moreno Ruiz's PSI Objections [ECF No. 151] at 1–3. Second, he argues that the "sophisticated means" enhancement codified in U.S.S.G. § 2B1.1(b)(10)(C) should not apply. *See id*. at 3. Third, he argues that the "use of an authentication feature" enhancement codified in U.S.S.G. § 2B1.1(b)(11)(A)(ii) should not apply. *See id*. at 3–5.

### III.     ANALYSIS

The Government agrees with Moreno Ruiz's second and third arguments. The "sophisticated means" enhancement should not apply—to Moreno Ruiz or Noguera Martinez—because neither intentionally engaged in the conduct that made this scheme sophisticated: the installation or operation of the technology that manipulated the targeted ATMs. The "use of an authentication feature" enhancement should not apply to either defendant because, as Moreno Ruiz points out, account numbers on gift cards or credit cards issued by American Express do not qualify as authentication features. *See United States v. Kirilyuk*, 29 F.4th 1128, 1139–1140 (9th Cir. 2022) ("But the issuers of these authentication features—either American Express or another private financial institution—do not fit within the definition of 'issuing authority.'").[2]

---

[2] Both the Government and probation argued to apply the "use of the authentication feature" enhancement to Coello Clemente, Rodulfo Torres, and Guerrero Blanco. They did not object to that enhancement, and so the Court applied it. At this stage, only Guerrero Blanco could argue that the enhancement improperly affected him because of the Court's downward adjustments for the others. But Guerrero Blanco's sentence should not be revisited for at least two reasons: (1) he did not object to enhancement; and (2) even if his guidelines range was lowered by two levels, he would still have received a guidelines sentence.

The Government disagrees, however, with Moreno Ruiz's initial argument that he is entitled to a mitigating role adjustment. As discussed at the November 4, 2024 sentencing hearing, the Government's view is that each and every defendant involved in the scheme meaningfully participated. While Moreno Ruiz operated at Coello Clemente's (and Guerrero Blanco's) direction and did not plan the criminal activity or exercise decision-making authority, he repeatedly withdrew funds from the targeted ATMs (both during the Miami Hit and in Orlando, later on) and understood the scope and structure of how the scheme worked. *See* U.S.S.G. § 3B1.1.n.3(c). He is not, in other words, substantially less culpable than the average participant. *See* U.S.S.G. 3B1.1 n.3(A).

### IV. THE GOVERNMENT'S SENTENCING RECOMMENDATION

If the Court sustains the "sophisticated means" and the "use of an authentication feature" objections, then Moreno Ruiz's (and Noguera Martinez's) guidelines would be 8 to 14 months' imprisonment, based on an offense level of 11 and a criminal history category of I. A low-end of the guidelines sentence of 8 months' imprisonment would be sufficient but not greater than necessary for both defendants, based on the nature of their offense conduct and their history and characteristics.

Respectfully submitted,

MARKENZY LAPOINTE
UNITED STATES ATTORNEY

BY:  */s/ Jacob Koffsky*
Jacob Koffsky
Assistant United States Attorney
99 NE 4th Street
Miami, Florida 33132
305-961-9386
Jacob.Koffsky@usdoj.gov
Florida Bar. No. 1018115

5

**CERTIFICATE OF SERVICE**

     I HEREBY CERTIFY that on November 25, 2024, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document and the referenced discovery is being served this day on counsel of record.

                                             */s/ Jacob Koffsky*
                                             Jacob Koffsky
                                             Assistant United States Attorney